UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

WILLIAM LATANSIO, :
: 
    Plaintiff : No. 4:CV-10-0582
:
  vs. : (Complaint Filed 03/16/10)
:
: (Judge Muir)
MARY SABOL, et al., :
:
    Defendants :

### MEMORANDUM AND ORDER

October 26, 2010

William Latansio, a detainee of the Immigration and Customs Enforcement, currently confined in the York County Prison, York, Pennsylvania, filed the above captioned civil rights complaint against the Immigration and Customs Enforcement ("ICE"), Eric Holder, U.S. Attorney General, Mary Sabol, York County Prison Warden, and Mr. Ross and Erin Boyd York County Classification Officers. Latansio brings the instant action, "alleging negligence and denial of proper classification as an INS-detainee, in violation of the Due Process Clause." (Doc. 1, complaint). Presently before the Court are defendants' motions to dismiss plaintiff's complaint. Also before the Court is plaintiff's motion for a

preliminary injunction and temporary restraining order, seeking an Order of Court directing defendants to cease housing plaintiff with convicted inmates and transfer plaintiff to "an INS dormitory". (Doc. 15). These motions have been fully briefed and are ripe for disposition. For the reasons set forth below, the defendants' motions to dismiss the plaintiff's complaint will be granted, and plaintiff's motion for a preliminary injunction and temporary restraining orders will be denied.

I. **Motion to Dismiss**

Fed.R.Civ.P. 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted." Under Rule 12(b)(6), we must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir.2009) (quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir.2008)). While a complaint need only contain "a short and plain statement of the claim," Fed.R.Civ.P. 8(a)(2), and detailed factual allegations are not

2

required, Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." Id. at 570, 550 U.S. 544, 127 S.Ct. 1955 at 1974, 167 L.Ed.2d 929. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, --- U.S. ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting Twombly, 550 U.S. at 556, 127 S.Ct. at 1965.) "[L]abels and conclusions" are not enough, Twombly, 550 U.S. at 555, 127 S.Ct. at 1964-65, and a court "'is not bound to accept as true a legal conclusion couched as a factual allegation.'" Id., 127 S.Ct. at 1965 (quoted case omitted). Thus, "a judicial conspiracy claim must include at least a discernible factual basis to survive a Rule 12(b)(6) dismissal." Capogrosso v. The Supreme Court of New Jersey, 588 F.3d 180, 184 (3d Cir.2009) (per curiam).

In resolving the motion to dismiss, we thus "conduct a two-part analysis." Fowler, supra, 578 F.3d at 210. First, we separate the factual elements from the legal elements and disregard the legal conclusions. Id. at 210-11. Second, we

3

"determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a " 'plausible claim for relief.' " Id. at 211 (quoted case omitted).

## II. Allegations in the Complaint

Plaintiff states that defendant, York County classification has failed "to curb the continuous housing of plaintiff as an INS-detainee together with York County Prison Inmates and Pennsylvania State Prisoner[s] serving State prison sentence" who are known to be "violent, disturbed or infected with contagious disease." (Doc. 1, complaint). Although not specifically enumerated, plaintiff states that he "raises a number of claims concerning access to INS officials, due process deprivation, treatment as an INS detainee on the county side-section of the York County Prison, housing problem while housing together with York County inmates serving county sentence, and Pennsylvania State Prison inmates returning to York County to attend court." Id. Plaintiff claims that such actions violate his rights under the Equal Protection and the Fourteenth Amendment. Id. For relief, plaintiff seeks compensatory and punitive damages, as well as injunctive relief. Id.

4

III **Discussion**

**A. 42 U.S.C. § 1983 and Bivens**

Plaintiff's claims against defendants Sabol, Ross and Boyd, who are state actors, have their jurisdictional basis under 42 U.S.C. § 1983. Plaintiff's claims against defendants ICE and Holder, federal actors, have their jurisdictional basis under <u>Bivens v. Six Unknown Fed. Narcotics Agents</u>, 403 U.S. 388 (1971).

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his or her constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

Thus, to establish a violation of 42 U.S.C. § 1983, a plaintiff must demonstrate that the challenged conduct was committed by (1) a person acting under color of state law and (2) that the conduct deprived him of rights, privileges, or

5

immunities secured by the Constitution or laws of the United States. See Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled in part on other grounds by Daniels v. Williams, 474 U.S. 327 (1986); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir.1994).

Likewise, under Bivens, the Supreme Court held that one is entitled to recover monetary damages for injuries suffered as a result of federal officials' violations of the Fourth Amendment. In doing so, the Supreme Court created a new tort as it applied to federal officers, and a federal counterpart to the remedy created by 42 U.S.C. § 1983. The Supreme Court has also implied Bivens damages remedies directly under the Eighth Amendment, see Carlson v. Green, 446 U.S. 14 (1980), and the Fifth Amendment, see Davis v. Passman, 442 U.S. 228 (1979).

In order to state a claim under Bivens, a claimant must show (1) a deprivation of a right secured by the Constitution and laws of the United States; and (2) that the deprivation of the right was caused by an official acting under color of federal law. See Mahoney v. Nat'l Org. For Women, 681 F.Supp.

129, 132 (D.Conn.1987)(citing <u>Flagg Brothers, Inc. v. Brooks</u>, 436 U.S. 149, 155-56 (1978)).

Bivens actions are analogous to suits under 42 U.S.C. § 1983 against state officials who violate federal constitutional or statutory rights. The two bodies of law are not "precisely parallel;" however, there is a "general trend" to incorporate § 1983 law into <u>Bivens</u> suits. See <u>Egervary v. Rooney</u>, 80 F.Supp.2d 491 (E.D.Pa.2000) (citing <u>Chin v. Bowen</u>, 833 F.2d 21, 24 (2d Cir.1987)).

### B. Supervisor Liability

Local government units and supervisors typically are not liable under § 1983 solely on a theory of respondeat superior. See <u>City of Oklahoma City v. Tuttle</u>, 471 U.S. 808, 824 n. 8 (1985); <u>Monell v. Dep't of Soc. Servs. Of City of New York</u>, 436 U.S. 658, 690-91 (1978) (municipal liability attaches only "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury" complained of). "A defendant in a civil rights action must have personal involvement in the alleged wrongs, liability cannot be predicated solely on the operation of

7

respondeat superior. Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir.1988) (citations omitted). Accord Robinson v. City of Pittsburgh, 120 F.3d 1286, 1293-96 (3d Cir.1997); Baker v. Monroe Twp., 50 F.3d 1186, 1190-91 (3d Cir.1995). As explained in Rode:

> A defendant in a civil rights action must have personal involvement in the alleged wrongs. . . . [P]ersonal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity.

Rode, 845 F.2d at 1207.

A § 1983 action brought against a person in his or her official capacity "generally represent[s] only another way of pleading an action against an entity of which an officer is an agent." Monell, 436 U.S. at 690 n. 55. "[I]n an official-capacity action, ... a governmental entity is liable under § 1983 only when the entity itself is a 'moving force' behind the deprivation; thus, in an official capacity suit the entity's 'policy or custom' must have played a part in the violation of federal law." Kentucky v. Graham, 473 U.S. 159,

8

166 (1985) (internal quotation marks and citations omitted).

With respect to Plaintiff's federal claims against defendants Holder and ICE, the Third Circuit has recently held that liability may not be based on respondeat superior. See Balter v. United States, 172 Fed. Appx. 401, 403 (3d Cir. Feb. 15, 2006)(unpubl.)(citing Ruiz-Rivera v. Riley, 209 F.3d 24, 28 (1st Cir.2000)(collecting cases)); Richards v. Pennsylvania, 2006 WL 1913377 at *2 (3d Cir. July 12, 2006)(unpubl.); Parker v. United States, 2006 WL 2547233 at *1 n. 1 (3d Cir. Sept. 6, 2006)(unpubl.); see also Laswell v. Brown, 683 F.2d 261, 268 & n. 11 (8th Cir.1982), cert. denied, 459 U.S. 1210 (1983) (basing its conclusion on the fact that the Supreme Court has looked to § 1983 cases in evaluating the nature of defendant officials' qualified immunity).

Based on a review of plaintiff's complaint, it is apparent that he is relying solely upon a theory of respondeat superior as to defendants Sabol, Holder and ICE. Plaintiff fails to assert that defendants, ICE, Sabol or Holder had any personal involvement in actions which resulted in a violation of his constitutional rights. In fact plaintiff states that defendant Sabol is "responsible for the operation of the York

County Prison." (Doc. 1, complaint). With respect to defendant Holder, aside from naming Holder in the caption of the complaint, plaintiff makes no reference to Holder in his complaint. As such, these defendants are entitled to dismissal.

C. **Custody Status**

Latansio complains that he is improperly housed with inmates who are serving sentences for criminal convictions.[1] Because Latansio is an immigration detainee, he is entitled to the same protections as a pretrial detainee. See Dahlan v. Dep't of Homeland Security, 2007 WL 397417 at *2 (Feb. 6, 2007)(slip copy)(citing Edwards v. Johnson, 209 F.3d 772, 778 (5th Cir.2000)); see also Stevenson v. Carroll, 495 F.3d 62, 69 n. 4 (3d Cir.2007); Despaigne v. Crolew, 89 F.Supp.2d 582, 584-85 (E.D.Pa.2000). In the pretrial detainee setting,

---

[1] To the extent that Latansio alleges in his complaint that defendants were "negligent" in their placement of plaintiff with convicted inmates within the York County Prison, negligence is insufficient to impose liability: "[A]n official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment." Farmer v. Brennan, 511 U.S. 825, 837(1994).

10

claims are reviewed pursuant to the Due Process Clause. See Hubbard v. Taylor, 399 F.3d 150, 158 (3d Cir.2005). Thus, to determine whether challenged conditions of Latansio's confinement amount to punishment, "a court must decide whether the disability is imposed for the purpose of punishment or whether it is but an incident of some other legitimate purpose." Id. (citing Bell v. Wolfish, 441 U.S. 520, 538-39, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979)). "Absent a showing of an expressed intent to punish on the part of detention facility officials, that determination generally will turn on 'whether an alternative purpose to which [the restriction] may rationally be connected is assignable for it, and whether it appears excessive in relation to the alternative purpose assigned [to it].' " Stevenson, 495 F.3d at 67 (citing Bell, 441 U.S. at 538, 99 S.Ct. 1861).

Although Latansio complains about being "housed with prisoners known to be violent, disturbed or infected with contagious diseases", he makes no indication that the named defendants placed him with such individuals with the express intent to punish him. In fact, Latansio, himself, states that his placement among convicted inmates is as a result of a

11

contractual agreement between ICE, the U.S. Attorney and the York County Prison "to house INS detainees at the York County Prison." (See Doc. 19, plaintiff's brief in opposition to defendants' motion to dismiss). Thus, it is apparent that Latansio's placement among convicted inmates is not imposed for the purpose of punishment, but is an incident of some other legitimate purpose, namely the contractual agreement between the named parties.

D. **Equal Protection**

To the extent that Latansio may be attempting to pursue an equal protection claim by asserting that he is clearly being discriminated against by being housed with county and state inmates, his pleading is lacking in important ways.

It is well-settled that a litigant in order to establish a viable equal protection claim must show an intentional or purposeful discrimination. Snowden v. Hughes, 321 U.S. 1, 8 (1944); Wilson v. Schillinger, 761 F.2d 921, 929 (3d Cir. 1985), cert. denied, 475 U.S. 1096 (1986); E & T Realty v. Strickland, 830 F.2d 1107, 1113-14 (11th Cir. 1987), cert. denied, 485 U.S. 961 (1988). This "state of mind" requirement applies equally to claims involving (1) discrimination on the

12

basis of race, religion, gender, alienage or national origin, (2) the violation of fundamental rights and (3) classifications based on social or economic factors. See, e.g., Britton v. City of Erie, 933 F. Supp. 1261, 1266 (W.D. Pa. 1995), aff'd, 100 F.3d 946 (3d Cir. 1996); Adams v. McAllister, 798 F. Supp. 242, 245 (M.D. Pa.), aff'd, 972 F.2d 1330 (3d Cir. 1992).

Plaintiff, however, fails to allege who is similarly situated to him and treated differently, or how he has been treated differently than other similarly situated inmates. Additionally, he has failed to allege facts from which it can be concluded that the defendants engaged in intentional or purposeful discrimination. Consequently, his equal protection claim fails because his complaint is devoid of any allegation that he was treated differently from other similarly situated ICE detainees. Accordingly, the defendants' motions to dismiss will be granted.

IV. **Preliminary Injunction and Temporary Restraining Order**

Preliminary injunctive relief is extraordinary in nature and should issue in only limited circumstances. See American Tel. and Tel. Co. V. Winback and Conserve Program, Inc., 42

F.3d 1421, 1426-27 (3d Cir. 1994), cert. denied, 514 US. 1103 (1995). Moreover, issuance of such relief is at the discretion of the trial judge. <u>Orson, Inc. v. Miramax Film</u>, Corp., 836 F. Supp. 309, 311 (E.D. Pa. 1993). In determining whether to grant a motion seeking preliminary injunctive relief, courts in the Third Circuit consider the following four factors:

> (1) likelihood of success on the merits;
> (2) irreparable harm resulting from a denial of relief;
> (3) the harm to the non-moving party if relief is granted; and
> (4) the public interest.

<u>United States v. Bell</u>, Civ. No. 1:CV-01-2159, 2003 WL 102610, *2 (M.D. Pa. January 10, 2003)(J. Conner)(internal citations omitted). It is the moving party that bears the burden of satisfying these factors. <u>Id</u>. The standards for a temporary restraining order are the same as those for a preliminary injunction. <u>Bieros v. Nicola</u>, 857 F. Supp. 445, 446 (E.D. Pa. 1994). Perhaps the most important prerequisite for the issuance of a preliminary injunction is a demonstration that if it is not granted, the applicant is likely to suffer irreparable harm before a decision on the merits can be

rendered. See Continental Group, Inc. v. Amoco Chems. Corp., 614 F.2d 351, 356 (3d Cir. 1980). Irreparable injury is "potential harm which cannot be redressed by a legal or equitable remedy following a trial ." Instant Air Freight, 882 F.2d at 801. A court may not grant preliminary injunctive relief unless "[t]he preliminary injunction [is] the only way of protecting the plaintiff from harm." Id. The relevant inquiry is whether the party moving for the injunctive relief is in danger of suffering the irreparable harm at the time the preliminary injunctive relief is to be issued. Id. Speculative injury does not constitute a showing of irreparable harm. Continental, 614 F.2d at 359; see also Public Serv. Co. v. West Newbury, 835 F.2d 380, 383 (1st Cir. 1987). "The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm." Instant Air Freight, 882 F.2d at 801 (quoting Sampson v. Murray, 415 U.S. 61, 90 (1964)). Of course, a prisoner lacks standing to seek injunctive relief if he is no longer subject to the alleged conditions he attempts to challenge. See Weaver v. Wilcox, 650 F. 2d 22, 27 n. 13 (3d

15

Cir. 1981)(prisoner's transfer from the prison moots claim for injunctive and declaratory relief with respect to prison conditions, but not claims for damages.)

Based on plaintiff's failure to prevail on the merits of the instant civil rights action, plaintiff's motion for a preliminary injunction will be denied

An appropriate Order accompanies this Memorandum Opinion.

Dated: October 21, 2010

/s/ Muir
MUIR
United States District Judge

16

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

WILLIAM LATANSIO, :
:
    Plaintiff : No. 4:CV-10-0582
:
vs. : (Complaint Filed 03/16/10)
:
: (Judge Muir)
MARY SABOL, et al., :
:
    Defendants :

## ORDER

October 26, 2010

For the reasons set forth in the accompanying Memorandum,

**IT IS HEREBY ORDERED THAT:**

1. Defendants' motions to dismiss (Docs. 9, 13) are **GRANTED**.

2. Plaintiff's motion for a preliminary injunction and temporary restraining order (Doc. 15) is **DENIED**.

3. Plaintiff's motion objecting to defendants' Rule 12(b)(6) motion to dismiss and plaintiff's motion to compel discovery(Docs. 11, 20) are **DENIED**.

4. The Clerk of Court shall **CLOSE** this case.

5. Any appeal from this order will be deemed frivolous, without probable cause, and not taken in good faith.

                    /s/ Muir
                MUIR
                United States District Judge